PILLOT
*v.*
COOPER.

</div>

---

## JOSEPH A. WILDER *v.* ELIAS BRUSH.

An arrest will lie for damages for any injury sustained by the plaintiff, either in his person or property.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Marr* and *Roberts*, for plaintiff. *L. E. Simonds*, for defendant. By the court:

DUNBAR, J. This is a suit brought against the defendant, a citizen of this State, to recover damages for false imprisonment. The plaintiff in this case commenced his action by an arrest of the defendant, who took a rule upon him to set aside the arrest, upon the ground that the demand of the plaintiff is *ex delicto* or for damages for an injury to his person and reputation; and that the law does not permit an arrest in such an action for damages.

The district judge made the rule absolute, and discharged the defendant from arrest; from which judgment the plaintiff has appealed.

The Code of Practice, article 214, provides, that "such arrest may be ordered in all demands brought for a debt, whether liquidated or not, when the term of payment has expired, and even for damages for any injury sustained by the plaintiff, either in his person or property."

It is true that it has been often held by this court, that there could not be an attachment for such a cause of action; but there is a manifest difference in the above article of the Code of Practice and article 242 of the same Code, which declares, that "the property of a debtor may be attached in the hands of third persons, by his creditors, in order to secure the payment of a debt, whatever

WILDER
*v.*
BRUSH.

may be its nature, whether the amount be liquidated or not, provided the term of payment has arrived." The latter is limited to debts, and by the interpretation of this court, is extended only to all actions arising *ex contractu*, but no further; the former, article 213, extends even to any damages for any injuries sustained by the plaintiff, either in his person or property.

Why our Legislature should have thought proper thus to guard more securely the rights of property than of person, it is not for us to determine. We find the law thus written, and have no power to change it. " When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit. *Civil Code, art. 13.* The distinction between odious laws and laws entitled to favor, with a view of narrowing or extending their construction, cannot be made by those whose duty it is to interpret them." Civil Code, art. 20.

It is therefore ordered, that the judgment of the district court be reversed, and the rule to set aside the arrest discharged, and this case remanded for further proceedings according to law. The costs of this appeal to be paid by the defendant.